IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

JAMES T. McDONALD and CAROL M. McDONALD, husband and wife,

      Plaintiffs,

v.                                       No. CIV 02-787 BB/RLP

ROBERT B. SHILLINGSTAD, M.D.,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## PARTIALLY ALLOWING AMENDED COMPLAINT

**THIS MATTER** is before the Court on Plaintiffs' motion to file an amended complaint with amended complaint attached [Doc. 29]. The Court having reviewed the proposed amended complaint, briefs and submissions of counsel, and being otherwise advised, finds the motion should be Granted in Part and Denied in Part.

### *Discussion*

Plaintiffs filed their complaint in this Court on July 7, 2002. On September 11, 2002, this Court entered an order extending the time to amend the pleadings and join any additional parties until November 30, 2002. Plaintiffs' filed this motion on November 27.

Plaintiffs contend that new information has come to light through discovery that has alerted Plaintiffs to additional causes of action against Defendant. (Pls.' Memo in

Support at 1.)  Plaintiffs seek to amend their complaint to add three claims.  Count II of the proposed amended complaint seeks to render Defendant vicariously liable for the acts and omissions of Dr. Doug McPherson, an employee of the Carrizozo Clinic.  Count III seeks to make Defendant liable for the negligent supervision of other Clinic employees.

In support of the Second and Third Counts, Plaintiffs attach the unverified answer to Plaintiffs' first set of interrogatories number 6, where Defendant calls himself a "partner" in this business.  Plaintiffs further attach the New Mexico Public Regulatory Corporate information inquiry on the Alamogordo Clinic, Ltd., which shows Dr. Shillingstad at the time of the incident was the vice president of the Alamogordo Clinic.  Plaintiffs' deposition testimony indicates Ernie Gonzales, a physician's assistant at the Clinic, referred James McDonald to Dr. McPherson.  After Dr. McPherson examined Mr. McDonald's foot, Dr. McPherson then went into conference with Dr. Shillingstad for approximately five minutes.  Dr. McPherson came out and told Mr. McDonald that Dr. Shillingstad wanted him to take some more antibiotics and a blood thinner.

Defendant objects on the ground all the amended claims amount to a futile act. *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606 (10th Cir. 1967); *Saxholm AS v. Dynal*, 938 F. Supp. 120 E.D.N.Y. 1996).  Federal Rule of Civil Procedure 15 is to be construed liberally to authorize the early amendment of pleadings.  *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127 (10th Cir. 1987); *Travelers Indemnity Co. v.*

*United States*, 382 F.2d 103 (10th Cir. 1967). While Plaintiffs may have difficulty prevailing or even surviving summary judgment on the supervisory liability in Counts II and III, at this stage there is a sufficient evidentiary basis to advance the claims.

The proposed amendment in Count III, spoliation of evidence, would, however, be futile. This tort seeks to remedy acts taken with the sole intent to maliciously defeat or disrupt a lawsuit. *Torres v. El Paso Elec. Co.*, 987 P.2d 386, 406 (N.M. 1999). Here, there is no factual foundation advanced to support such a claim. The only factual basis stated is

> that a subpoena was served on Dr. Brent Aday, the remaining partner in the Alamogordo Clinic .... Dr. Aday has responded to the subpoena indicating that there is no file at the Alamogordo Clinic. Further, Dr. Shillingstad testified before the Medical Legal Panel that his nurse/assistant, Kim Moore, recalls that a hand written note on a prescription pad had come in from Mr. Gonzales at the Carrizozo Clinic, but that it could not be located. These missing records directly contradict Dr. Shillingstad's statement that the entire chart was attached to his affidavit.

(Pls.' Reply at 4.)

This is insufficient to make even a prima facie case for spoliation. *Baldridge v. Director of Revenue*, 82 S.W.3d 212 (Mo. App. 2002); *Anesthesiology Critical Care & Pain Mgmt. v. Kretzer*, 802 So. 2d 346 (Fla. App. 2001); *Tomas v. Nationwide Mut. Ins. Co.*, 607 N.E.2d 944 (Ohio App. 1992). Moreover, Plaintiffs do not allege that the missing records have significantly impaired Plaintiffs' ability to prove their case. *Bush v. Thomas*, 888 P.2d 936, 939 (N.M. App. 1994). It is futile to allow the filing of an

amended complaint if it is subject to immediate dismissal. *Watson v. Beckel*, 242 F.3d 1237, 1239 (10th Cir. 2001); *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs.*, 175 F.3d 848, 858 (10th Cir. 1999). As stated, this Count would be subject to immediate dismissal.

## O R D E R

For the above stated reasons, Plaintiffs' motion is GRANTED as to Counts II and III and DENIED as to Count IV.

Dated at Albuquerque this 8th day of January, 2003.

_____
**BRUCE D. BLACK**
**United States District Judge**

**For Plaintiff:**
  John R. Polk, Albuquerque, NM
  James K. Gilman, Albuquerque, NM

**For Defendant:**
  Leonard J. Piazza, SANDENAW & PIAZZA, Las Cruces, NM